IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,771






EX PARTE ERIC CHRISTOPHER HERRERA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 11CR1398 IN THE 122ND JUDICIAL DISTRICT COURT


FROM GALVESTON COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to possession of a
controlled substance pursuant to an agreement whereby he was sentenced to six months' county jail
under Section 12.44(a) of the Texas Penal Code. He did not appeal his conviction. 

 Applicant contends that his conviction is void and that he is actually innocent, because the
substance he possessed was tested and determined not to contain a controlled substance. The results
of the testing performed by the Houston DPS crime lab were not available until after Applicant had
pleaded guilty.

 A copy of the report is included in the habeas record. Based on that report, the trial court
determined that the "controlled substance" for which Applicant was prosecuted turned out not to be
a controlled substance. Applicant has proven by clear and convincing evidence that no reasonable
juror would have voted to convict him in light of the new evidence. Applicant is entitled to relief. 
Ex parte Tuley, 109 S.W.3d 88, 92 (Tex. Crim. App. 2002) (citing Ex parte Elizondo, 947 S.W. 2d
202, 207 (Tex. Crim. App. 1996)). 

 Relief is granted. The judgment in Cause No. 11CR1398 in the 122nd Judicial District Court
of Galveston County is set aside, and Applicant is remanded to the custody of the sheriff of
Galveston County to answer the charges as set out in the indictment. The trial court shall issue any
necessary bench warrant within 10 days after the mandate of this Court issues.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division.


Delivered: April 18, 2012

Do Not Publish